D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROSE COLOMBO,

                                               **OPINION & ORDER**
                                               **10 CV 1134 (SJF)(AKT)**

-against-

COUNTY OF SUFFOLK,

                         Defendant.
-------------------------------------------------------X
FEUERSTEIN, J.

I.     Introduction

On March 12, 2010, *pro se* plaintiff Rose Colombo ("Plaintiff") commenced this action against defendant County of Suffolk ("Defendant") alleging that she has "experienced a custom and policy of civil rights violations in the County of Suffolk while those guilty were acting under color of state and federal laws." (Compl., at ¶ 4.) Before the Court is Plaintiff's motion seeking that I "be recused from this case due to extreme prejudice towards the plaintiff." (Plaintiff's Request for Recusal, at 1.) For the reasons set forth herein, the motion is denied.

II.     Background

On February 17, 2010, Plaintiff filed a Notice of Removal in a related case, 10-CV-686, seeking to remove a closed criminal action brought against Plaintiff on August 21, 1989 in

1

Suffolk County, New York. On February 24, 2010, this Court denied Plaintiff's application to remove her criminal case, finding no good cause to extend the deadline to remove a criminal action pursuant to 28 U.S.C. § 1446, and noting that as Plaintiff entered her guilty plea over twenty (20) years earlier, the underlying criminal prosecution had concluded, and there was no action to remove. People of the State of New York v. Colombo, No. 10-CV-686, at 2 (E.D.N.Y. Feb. 24, 2010).

III. Relevant Law

A. Plaintiff's *Pro Se* Status

Since Plaintiff is proceeding *pro se*, the court must review the *pro se* party's supporting papers liberally, and "interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation and quotation marks omitted). However, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." Columbo v. United States Postal Serv., 293 F. Supp. 2d 219, 222 (E.D.N.Y. 2003).

B. Standard for Recusal

Pursuant to 28 U.S.C. § 455 (a), a "judge . . . shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]his test

2

deals exclusively with appearances" and "[i]ts purpose is the protection of the public's confidence in the impartiality of the judiciary." United States v. Amico, 486 F.3d 764, 775 (2d Cir. 2007).

A judge shall also disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). To determine whether recusal is warranted under § 455(b)(1), the court "looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context." Apple v. Jewish Hosp. and Med. Ctr, 829 F.2d 326, 333 (2d Cir. 1987) (citation omitted); see also In re Drexel Burnham Lambert Inc, 861 F.2d 1307, 1314 (2d Cir. 1988) (stating that "[a] determination of bias under this section must be based on extrajudicial conduct, not conduct arising in a trial setting").

"[R]ecusal motions are committed to the sound discretion of the district court." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992) (citing Apple, 829 F.2d at 333); see also Diamondstone v. Macaluso, 148 F.3d 113, 120 (2d Cir. 1998). "The judge to whom a recusal motion is addressed is presumed to be impartial . . . and there is a substantial burden on the moving party to show that the judge is not impartial." Burgie v. Euro Brokers, Inc., No. 05 Civ. 0968, 2007 WL 669608, at * 1 (E.D.N.Y. Feb. 28, 2007) (citation and quotation marks omitted).

"A judge considering recusal must balance the need for public confidence in the judiciary against the possibility that those questioning [her] impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case." In re Certain Underwriter, 294 F.3d 297, 302 (2d Cir. 2002) (citation and quotation marks omitted). In addition, a judge "is as much obliged not to recuse herself unnecessarily as she is obliged to recuse herself when necessary."

Id. (citation and quotation marks omitted).

The relevant inquiry is "'would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal.'" Diamondstone, 148 F.3d at 121 (quoting Lovaglia, 954 F.2d at 815); see also In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008). Recusal is not warranted "on the basis of 'remote, contingent, indirect or speculative interests.'" Diamondstone, 148 F.3d at 121 (quoting United States v. Thompson, 76 F.3d 442, 451 (2d Cir. 1996)); see also United States v. Morrison., 153 F.3d 34, 48 (2d Cir. 1998); Drexel, 861 F.2d at 1313.

IV. Analysis

Plaintiff's contention that my recusal is warranted based upon my alleged "extreme prejudice towards the plaintiff" is without merit. Plaintiff asserts that by quoting statements from her notice of removal in her criminal case, I put "words into [her] mouth" and helped protect her ex-husband, a "career criminal." (Plaintiff's Request for Recusal, at 1.) It is unclear how Plaintiff can construe my use of her own statements as prejudice towards her, but nevertheless, "'opinions held by judges as a result of what they learned in earlier proceedings' . . . are not ordinarily a basis for recusal." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 51, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994)). Moreover, if Plaintiff seeks my recusal because she disagrees with the decision in her criminal case, the United States Supreme Court has explained that "judicial rulings . . . almost never constitute a valid basis for a bias or partiality motion. . . . [T]hey are proper grounds for appeal,

4

not for recusal." Liteky, 510 U.S. at 555. As Plaintiff has failed to demonstrate that I hold an "opinion [of her] that derives from an extrajudicial source" or such "a high degree of . . . antagonism as to make fair judgment impossible," her motion seeking my recusal is denied. Liteky, 510 U.S. at 555.

V. Conclusion

For the reasons stated herein, the motion of Plaintiff seeking my recusal is DENIED.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: April 8, 2010
Central Islip, New York